## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02021-STV

RASHAD WILSON,

      Plaintiff,

v.

CONTINENTAL SERVICE GROUP, LLC,

      Defendant.

---

## ORDER

---

Entered By Magistrate Judge Scott T. Varholak

      This civil action is before the Court on the Motion to Dismiss Amended Complaint with Memorandum of Law [#12] ("the Motion") filed by Continental Service Group, LLC ("Continental"). The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##22, 30] This Court has carefully considered the Motion and related briefing, the entire case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **GRANTED.**

## I.    BACKGROUND[1]

      According to the Complaint, on or about May 8, 2024, Continental sent Plaintiff a collection letter (the "Letter") via first class mail of an alleged debt originally owed to the

---

[1] The facts are drawn from the allegations in Plaintiff's Amended Complaint [#10] (the "Complaint"), which must be taken as true when considering a motion to dismiss. *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d

Internal Revenue Service ("IRS"). [#10 at ¶ 18; *see also id.* at 11] The Letter indicates that Continental is a contractor for the IRS and that Plaintiff owed $3,393.54, which consisted of $2,238.00 in assessed taxes, $686.13 in interest, and $469.41 in penalties. [*Id.* at 11] The Letter informed Plaintiff that he could verify the name and address of the private collection agencies under contract with the IRS on the IRS's website. [*Id.*] It further informed Plaintiff that interest and penalties would continue to accrue until the debt was paid in full. [*Id.*] The Letter failed to inform Plaintiff of his right to dispute the debt as required for debts governed by the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA"). [*Id.* at ¶¶ 18, 48-50; *see also id.* at 11]

On July 23, 2024, Plaintiff, proceeding pro se, initiated the instant action. [#1] The Amended Complaint asserts a single claim against Continental alleging Continental violated Section 1692g of the FDCPA by failing to inform Plaintiff of his rights to dispute the debt, obtain verification of the debt, and obtain the name and address of the original contractor. [#10 at ¶¶ 18, 46-50] Continental has moved to dismiss this claim under Federal Rule of Civil Procedure 12(b)(6). [#12] Plaintiff has responded to the Motion [#14] and Continental has filed a reply [#15].

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded

---

1152, 1162 (10th Cir. 2011)). Plaintiff's Complaint also named Aldous & Associates P.L.L.C. ("A&A") as a Defendant [#10] but Plaintiff subsequently dismissed A&A from this action [#17]. The allegations related to A&A are not pertinent to the claims asserted against Continental and, as a result, the Court does not recite those allegations in this Order.

factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (alteration in original) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The court's ultimate duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). The Court, however, cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## III.    ANALYSIS

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  "To state a claim for relief under the FDCPA, [a plaintiff] must prove four essential elements: (1) that she is a 'consumer,' 15 U.S.C. § 1692a(3); (2) that the debt in question arises out of a transaction entered primarily for personal, family, or household purposes, 15 U.S.C. § 1692a(5); (3) that [the defendant] is a "debt collector," 15 U.S.C. § 1692a(6); and (4) that [the defendant] violated, by act or omission, a provision of the FDCPA."  *Lupia v. Medicredit, Inc.*, 445 F. Supp. 3d 1271, 1280 (D. Colo. 2020); *see also Goodman v. Asset Acceptance LLC*, 428 F.Supp.3d 526, 529-30 (D. Colo. 2019).

Here, Plaintiff alleges that Continental violated Section 1592g(a) of the FDCPA. [#10 at ¶¶ 18, 46-50]  In relevant part, that Section provides as follows:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1)    the amount of the debt;

(2)    the name of the creditor to whom the debt is owed;

(3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).  Plaintiff asserts that the Letter violated Subsections 3, 4, and 5 of Section 1692g(a).  [#10 at ¶ 49]

Continental argues that Plaintiff's FDCPA claim fails because the debt being collected was a federal tax debt, which does not qualify as "debt" as defined by the FDCPA.  [#12 at 4-6]  The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. 1692a(5).  And, once again, "[t]o state a claim for relief under the FDCPA, [a plaintiff] must prove . . . that the debt in question arises out of a transaction entered primarily for personal, family, or household purposes."  *Lupia*, 445 F. Supp. 3d at 1280; *see also Cook v. Hamrick*, 278 F. Supp. 2d 1202,1204 (D. Colo. 2003) ("The threshold requirement for application of the FDCPA is the existence of a 'debt' as that term is contemplated by the Act.").

Here, Plaintiff alleges that the debt was originally owed to the IRS and Exhibit A to the Complaint makes clear that it was the result of a tax delinquency.  [#10 at ¶ 18; *id.* at 11]  "Federal taxes are not a debt [under the FDCPA]."  *Bankston v. IRS*, 08-cv-02233-

WYD-MEH, 2008 WL 6461042, at *5 (D. Colo. Oct. 24, 2008), *report and recommendation adopted*, 2009 WL 1810120 (D. Colo. May 19, 2009), *aff'd*, 357 F. App'x 190 (10th Cir. 2009); *see also*, *e.g.*, *Palmieri v. Nostdahl*, No. 21-cv-03223-GPG, 2022 WL 22440797, at *3 (D. Colo. July 22, 2022) ("federal taxes are not a debt [under the FDCPA]"), *report and recommendation adopted*, 2022 WL 22440798 (D. Colo. Dec. 28, 2022); *Andrews v. Director*, No. 09-cv-02394-MSK-KLM, 2010 WL 2510578, at *4 (D. Colo. Apr. 20, 2010) ("federal taxes are not a 'debt' within the meaning of the [FDCPA]"); *Bandy v. United States*, No. 07-1386-MLB, 2008 WL 1867991, at *8 (D. Kan. Apr. 24, 2008 ("federal taxes are not a debt").  Thus, because the debt sought to be collected is a federal tax which is not a debt for purposes of the FDCPA, the Complaint fails to state an FDCPA claim.  As a result, the motion is GRANTED, and Plaintiff's claim against Continental is DISMISSED.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [#12] is **GRANTED** and the claim against Continental is **DISMISSED**.

DATED: November 6, 2024                         BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge